**09-14161  CIV-MOORE    MAGISTRATE JUDGE WHITE**

AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District SOUTHERN DISTRICT OF FLORIDA | |
|---|---|---|
| Name of Movant<br>FREDDIE JAMES McQUEEN | Prisoner No.<br>75379-004 | Case No.<br>05-14088-CR-KMM |
| Place of Confinement<br>U.S.P COLEMAN #1, P.O. BOX 1033, COLEMAN, FLORIDA 33521 | | |

UNITED STATES OF AMERICA          V.          FREDDIE JAMES McQUEEN
(name under which convicted)

FILED by ___
MAY 19 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA (FT. PIERCE)__

2. Date of judgment of conviction __3-9-06__

3. Length of sentence __LIFE IMPRISONMENT - COUNT ONE, 360 MONTHS - COUNT TWO, 120 MONTHS - COUNT THREE__

4. Nature of offense involved (all counts) __COUNT ONE- CONSPIRACY TO POSSESS WITH/INTENT TO DISTRIBUTE 50 GRAMS CRACK COCAINE IN VIOLATION OF 21 U.S.C. §§ 841(a)(1) and 846; COUNT TWO- POSSESSION WITH/INTENT TO DISTRIBUTE A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF COCAINE IN VIOLATION OF 21 U.S.C § 841(a)(1); and COUNT THREE- POSSESSION OF FIREARM BY A CONVICTED FELON, IN VIOLATION OF 18 U.S.C. §§ 922(g)(1), and 924(a)(2).__

5. What was your plea? (Check one)
   (a) Not guilty    ☒
   (b) Guilty        ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury         ☒
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

cat/div __2255/FTP__
Case # __09cv14161__
Judge __KMM__  Mag __PAW__
Motn Ifp _____  Fee pd $ _____
Receipt # _____

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __ELEVENTH CIRCUIT COURT OF APPEAL__

   (b) Result __SENTENCE AND CONVICTIONS WERE AFFIRMED__

   (c) Date of result __3-5-08__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court __N/A__

      (2) Nature of proceeding __N/A__

      (3) Grounds raised __N/A__

      (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

      (5) Result __N/A__

      (6) Date of result __N/A__

   (b) As to any second petition, application or motion give the same information:

      (1) Name of court __N/A__

      (2) Nature of proceeding __N/A__

      (3) Grounds raised __N/A__

AO 243 (Rev. 5/85)

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ☐ No ☒

   (5) Result _____ N/A _____

   (6) Date of result __ N/A _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
   (1) First petition, etc.     Yes ☐ No ☒
   (2) Second petition, etc.  Yes ☐ No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
   N/A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: MOVANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, PRE-TRIAL, WHERE COUNSEL MISADVISED MOVANT THAT HE WOULD BE SENTENCED AS A CAREER OFFENDER, IF HE PLEAD GUILTY.

Supporting FACTS (state *briefly* without citing cases or law) SEE MEMORANDUM ATTACHED

B. Ground two: N/A

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three: N/A

Supporting FACTS (state *briefly* without citing cases or law):

(5)

AO 243 (Rev. 5/85)

    D. Ground four: _N/A_

    Supporting FACTS (state *briefly* without citing cases or law): _N/A_

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:
    CLAIM OF COUNSEL'S INEFFECTIVENESS IS BEST SUITED FOR TITLE 28 U.S.C. §2255 MOTION

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing  ROBIN CINDY ROSEN-EVANS (FPD); 450 AUSTRALIAN AVENUE, SUITE 500
    WEST PALM BEACH, FLORIDA 33401

    (b) At arraignment and plea  WILBUR V. CHANEY, 75 SW 5 AVENUE, DELRAY BEACH, FLORIDA 33444

    (c) At trial  WILBUR V. CHANEY, 75 SW 5 AVENUE, DELRAY BEACH, FLORIDA 33444

    (d) At sentencing  WILBUR V. CHANEY, 75 SW 5 AVENUE, DELRAY BEACH, FLORIDA 33444

AO 243 (Rev. 5/85)

(e) On appeal  JASON WYATT KREISS, 1824 SE 4TH AVENUE, FT. LAUDERDALE FLORIDA 33316

(f) In any post-conviction proceeding  N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: N/A

(b) Give date and length of the above sentence: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

5-13-09
(date)

*Freddie McQ*
Signature of Movant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 05-14088-CR-MOORE

FREDDIE JAMES McQUEEN,
      Movant,

vs.

UNITED STATES OF AMERICA,
      Respondent.
_____/

MEMORANDUM IN SUPPORT OF MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. §2255

   **COMES NOW**, Freddie James McQueen, Pro-Se defendant, in the above styled cause and files this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 because his conviction and sentence is in violation of the Constitution and/or laws of the United States, or is otherwise subject to collateral attack. The motion accompanies this memorandum which the Movant submits in support of his grounds for relief. Movant asks this Honorable Court to construe his pleadings in a more liberal manner than those drafted by professional attorneys. (see) HAINES v. KERNER, 30 L.Ed. 2d 22 (1971).

### JURISDICTION

   This Court has jurisdiction pursuant to 28 U.S.C. §2255, which provides that prisoners may move for relief on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that the district court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or

is otherwise subjected to collateral attack. (see) Title 28, United States Code, Section 2255; also **MASSARO v. UNITED STATES**, 538 U.S. 500 (2003)("an ineffective assistance of counsel claim may and shall be brought in a collateral proceeding under §2255, whether or not the movant could have raised the claim on direct appeal.").

## TIMELINESS

In the Anti-Terrorism Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one year period of limitations for motions under 28 U.S.C. §2255 running from the date on which the judgment of conviction became final. The Supreme Court has held that a judgment of conviction becomes "final" within the meaning of §2255 when the court of appeals affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, **or when the time for filing a petition for certiorari expires. CLAY v. UNITED STATES**, 537 U.S. 522, 527 (2003).

In Movant's case, the Eleventh Circuit Court of Appeals affirmed his convictions and sentences on March 5, 2008, Movant did not file a petition for writ of certiorari to the Supreme Court. Thus, his convictions became final on June 4, 2008, when the 90 day period for the filing of a timely certiorari petition had elapsed. (see) **DODD v. UNITED STATES**, 363 F.3d 1273, 1275, n.1 (11th Cir. 2004). Thereafter, Movant has one year to file a timely §2255 motion, or until June 4, 2009, and as such, this motion is timely as it is being filed within one-year from that date. (see) **UNITED STATES v. WASHINGTON**, 243 F.3d 1299, 1301 (11th Cir. 2001).

## STATEMENT OF THE CASE

On or about November 3, 2005, a 3-count indictment issued, charging Movant as follows: Count 1 charged conspiracy to possess with intent to distribute in excess of fifty (50) grams of crack cocaine; Count 2 alleged possession with intent to distribute in excess of fifty (50) grams of cocaine; and Count 3 alleged felon in possession of a firearm [DE #1].

Movant entered a plea of not guilty and proceeded to a jury trial, which took place on March 7-9, 2006, upon which the jury returned a verdict of guilty as charged [DE #108].

At sentencing, which took place on July 17, 2006, Movant was sentenced, over Movant's constitutionally-based objections, to a term of imprisonment of life as to Count 1, 360 months as to Count 2, and 120 months as to Count 3, all to be served concurrently [DE #145:154].

A timely Notice of Appeal was filed [DE #149], and an appeal was instituted in the United States Court of Appeals for the Eleventh Circuit, which ultimately affirmed Movant's convictions and sentences on March 5, 2008 via an unpublished opinion. Movant did not cause a petition for a Writ of Certiorari to be filed with the United States Supreme Court.

The instant Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody hereby follows.

## LEGAL PRINCIPLES INVOLVED

The Sixth Amendment guarantee: "In all criminal prosecutions the accused shall enjoy the right...to have the assistance of counsel for his defense." The right to the assistance of counsel means the right to effective assistance of counsel, **GUYLER v. SULLIVAN**, 80 L.Ed. 2d 657 (1980).

A criminal defendant has the right to the effective assistance of counsel at all critical stages of the proceedings against him, or when his substantial rights may be affected. **ESTELLE v. SMITH**, 68 L.Ed 2d 359 (1981); **KIRBY v. ILLINOIS**, 32 L.Ed 2d 411 (1972); **MEMPA v. RHAY**, 19 L.Ed 2d 336 (1967).

A stage is critical where the defendant is "confronted by the legal system in that he has legal related choices before him...and could profit from the expert advise of counsel." **ESTELLE v. SMITH**, supra at 376. Critical stages include pretrial motions, plea negotiations, trial, sentencing and direct appeal.

In order to demonstrate ineffective assistance of counsel a defendant must prove both that his counsel performance was deficient and that the performance actually prejudice the defendant. (see) **STRICKLAND v. WASHINGTON**, 466 U.S. 668 (1984). The two prongs of the ineffectiveness inquiry are independent of one another, and thus, must be proved to establish a claim of ineffective assistance of counsel. Id. at 697.

In order to satisfy the "performance" prong of **STRICKLAND**, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled,' when reviewing counsel's decisions. (see) **BURGER v. KEMP**, 483 U.S. 776 (1987).

-4-

Furthermore, "the burden of persuasion is on a petitioner to prove, by a preponderance of complete evidence, that counsel's performance was unreasonable." Moreover, the relevant question is not whether counsel's choices were strategic, but whether they were reasonable. (see) <u>ROE v. FLORES-ORTEGA</u>, 528 U.S. 470 (2000).

In order to demonstrate the prejudice prong of <u>STRICKLAND</u>, "the defendant must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 694. The phrase "a reasonable probability" imposes a burden of proof that is lower than that of the preponderance of the evidence standard. (see) <u>NIX v. WHITESIDE</u>, 475 U.S. 157 (1986).

**MOVANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, PRE-TRIAL, WHERE COUNSEL MISADVISED MOVANT THAT HE WOULD BE SENTENCED AS A CAREER OFFENDER, IF HE PLEAD GUILTY.**

In the instant case, Movant's trial counsel outlined the comparable sentencing exposures available to Movant by either pleading guilty or proceeding to trial by jury and losing. In sypnosis, counsel advised Movant that: (1) should Movant plead guilty, Movant would qualify as a Career Offender and would be sentenced to a term of 262-327 months imprisonment, granting the Court give him a 3-level reduction for acceptance of responsibility, with 60 months to be added consecutively, for the gun charge; or (2) should Movant proceed to trial by jury and lose, Movant would be subjected to a term of life imprisonment, if the government filed an §851 Notice pursuant to 21 U.S.C. §851(a).

Thereupon, believing that he faced a minimum term of 322 months imprisonment as a career offender, should he plead guilty, and considering the strength of the government's case against him, Movant adamantly begged of counsel to enter into plea negotiations with the government to secure a reasonable plea agreement of a possible 10-15 years imprisonment. However, counsel informed Movant that the government would refuse to make him a plea offer, because he had filed a motion to suppress. Thus, not wanting to plead guilty to a minimum term of 322-months imprisonment, which was equivalent to life imprisonment for an man in his late-fifties, thereby, Movant reluctantly refused to plead guilty, and proceeded to trial.

Post-conviction, however, through independent research revealed that Movant did not have two qualifying prior convictions which is requisite for the application of the career offender enhancement, pursuant to U.S.S.G. 4B1.1. Thus, Movant would not have been sentenced as a career offender, thereby, without the career offender enhancement, Movant's offense level would have been at level 32 with a criminal history category VI, based Movant's possession of over 50 grams but less than 150 grams of crack cocaine and 17 criminal history points. Because Movant could have received a 3-level reduction for acceptance of responsibility, thus, placing Movant's offense level at 29, which is within the recommended sentencing guideline range of 151-188 months imprisonment.

Arguably, counsel misadvised Movant that he was facing a recommended minimum guideline sentence of 322 months impri-

sonment as a career offender, if pleaded guilty, which precluded Movant from entering a plea of guilty. Furthermore, as to the gravamen of this claim, had Movant known that he would not be sentenced to a minimum of 322 months as a career offender, but instead to a possible sentence of 151-188 months imprisonment he would have entered a plea of guilty, and would not have insisted on proceeding to trial. More importantly, counsel erroneous information denied Movant effective assistance of counsel. (see) **UNITED STATES v. GAVIRIA**, 116 F.3d 1498, 1512 (D.C. Cir. 1997).

It is no question of complication that for a contemplated plea decision of a criminal defendant to represent an informed choice amongst the advised alternatives, so that it is constitutionally knowing and voluntary, counsel must be familiar with the facts and laws in order to advise the defendant of the comparable options available. (see) **FITCH v. VAUGHN**, 67 F.3d 909 (11th Cir. 1996) citing **SCOTT v. WAINWRIGHT**, 698 F.2d 429 (11th Cir. 1983).

As numerous circuits have previously noted, the decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case, and counsel may and must give the client the benefit of counsel's competent professional advice to assist the client in making an informed decision thereto. (see) **BORIA v. KEANE**, 99 F.3d 492 (2nd Cir. 1996). Moreso, it follows that knowledge of the comparative sentence exposure between pleading guilty and standing trial will often be crucial to the decision of whether to plead guilty and/or stand trial. (see) **UNITED STATES v. DAY**, 969 F.2d 39, 43 (3rd

Cir. 1992) ("Familiarity with the structure and basic content of the Guidelines (including the definition and implications of career offender status) has become a necessity for counsel who seek to give effective representation.").

Counsel's sentencing assessment that Movant faced a minimum of 322 months imprisonment as a career offender if he pleaded guilty, was grossly inaccurate, where counsel's assessment was more than a 100% higher than the recommended minimum guideline sentence of a 151 imprisonment that Movant actually would have been exposed to had he plead guilty, thus, counsel's miscalculation rises to the level of deficient performance. (see) **GOUDIE v. UNITED STATES**, 323 F.Supp. 2d 1320 (S.D. Fla. 2004). Moreover, any amount of jail time that a defendant receives as a result of his attorney's deficient performance establishes prejudice. (see) **GLOVER v. UNITED STATES**, 531 U.S. 198, 203 (2001).

Surely, rendering a defense where a person would be condemned to imprisonment for the rest of his life does not equate to the best possible strategic option, thus, counsel's actions cannot be said to be supported by a reasonable strategy. **MASSARO v. UNITED STATES**, 538 U.S. 500, 505 (2003). More importantly, had it not been for counsel's miscalculation in years, Movant would have entered a plea of guilty, and would not have insisted on proceeding to trial, thereby, Movant was greatly prejudiced by counsel's ineffectiveness, because Movant is currently serving a sentence of life imprisonment, instead of a sentence in the recommended sentencing guideline range of 151-188 months, thus, establishing a **STRICKLAND** violation.

## CONCLUSION

As Movant's motion and the files and records of the case conclusively show that Movant is entitled to §2255 relief, an evidentiary hearing is warranted accordingly. Section 2255 provides that "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusion of law with respect thereto. (see) **FONTAINE v. UNITED STATES**, 411 U.S. 213, 215 (1973).; (see also) **ANDERSON v. UNITED STATES**, 948 F.2d 704 (11th Cir. 1991)(movant entitled to evidentiary hearing because record does not conclusively show that the prisoner is entitled to no relief).

In the instant case subjudice, Movant proffers that, for the foregoing reasons, he is entitled to an evidentiary hearing on his claim proffered in the instant §2255 proceeding as a matter of law.

**WHEREFORE**, Movant respectfully asks this Honorable Court to: (a) Order an evidentiary hearing, an upon proof of Movant's assertions in his §2255 motion; (b) Order that Movant's convictions and sentences be vacated, and given any other relief deem just.

Respectfully Submitted,

FREDDIE JAMES McQUEEN
REGISTER NO: 75379-004
U.S.P. COLEMAN #1
P.O. BOX 1033
COLEMAN, FLORIDA 33521

## CERTIFICATE OF SERVICE

I hereby, swear and affirm under the penalty of perjury, pursuant to Title 28 U.S.C. §1746, that I have this date served upon the Clerk of the United States District Court for the Southern District of Florida, with copies of Movant's §2255 motion, by depositing same in the United States mail, postage prepaid for delivery by First Class mail to the following address:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF FLORIDA
> 400 N. MIAMI AVENUE
> MIAMI, FLORIDA 33128

This  13  day of May, 2009

FREDDIE JAMES McQEEN
REGISTER NO: 75379-004
U.S.P. COLEMAN #1
P.O. BOX 1033
COLEMAN, FLORIDA 33521